U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
MONROE

FEB 0 6 2009

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 08-00376 |
| VERSUS | JUDGE ROBERT G. JAMES |
| JAMES RAY COLEMAN | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is a Motion to Dismiss [Doc. No.15] filed by Defendant James Ray Coleman ("Coleman"). In Count 1 of his December 17, 2008 Indictment [Doc. No. 10], Coleman is charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Coleman contends that the pending indictment against him should be dismissed because his underlying felony conviction is not a predicate offense prohibiting him from possession of a firearm under § 922(g)(1). Alternatively, Coleman argues that the definition of a "crime punishable by imprisonment for a term exceeding one year," contained in 18 U.S.C. § 921(a)(20), is unconstitutionally vague.

The Government has filed a Response to Defendant's Motion to Dismiss [Doc. No. 24]. In the Response, the Government argues that Coleman is not excluded from coverage under the plain language of § 922(g)(1) and that the definition contained in § 921(a)(20) is not unconstitutionally vague.

For the following reasons, Coleman's Motion to Dismiss is DENIED.

1

I.   **FACTS AND PROCEDURAL HISTORY**

On May 17, 1993, Coleman pled guilty in federal district court to the felony of conspiracy to violate (1) the Communications Act of 1934, as amended by the Home Viewer Act of 1988, 47 U.S.C. § 605(e)(4), and (2) the criminal copyright infringement statute, 17 U.S.C. § 506(A), in violation of 18 U.S.C. § 371.[1] *See United States v. Coleman*, 1:92-10016-3, United States District Court, Western District of Louisiana. As part of his plea agreement, Coleman acknowledged that he faced a maximum term of imprisonment of five (5) years. Coleman's plea was accepted by the Court, and on September 27, 1993, the Honorable F. A. Little, Jr., sentenced him to serve eight months imprisonment to be followed by twenty-four months supervised release. *United States v. Coleman*, 1:92-10016-3, Doc. No. 110.

On November 28, 2008, Coleman was arrested by the East Carroll Parish Sheriff's Department and charged with stalking. At the time of his arrest, Coleman had a pistol clipped on his waistband.

On December 2, 2008, a Complaint [Doc. No. 1] was filed in this matter, charging Coleman with being a convicted felon in possession of a firearm on November 28, 2008, in East Carroll Parish, Louisiana. On that same day, the Government filed a Motion for Writ of Habeas Corpus Ad Prosequendum [Doc. No. 2], which was granted by Magistrate Judge Karen L. Hayes [Doc. No. 3]. Magistrate Judge Hayes also issued a warrant for Coleman's arrest [Doc. No. 5].

---

[1] Because of a clerical error in the Judgment, both parties made their arguments based on the belief that Coleman pled guilty to a violation of 47 U.S.C. § 605(e)(4). However, Coleman pled guilty to conspiracy, in violation of 18 U.S.C. § 371. The object of the conspiracy was a violation of the Communications Act and a violation of the copyright statute. On February 4, 2009, Judge Drell granted the Government's Motion to Correct Clerical Error, *see* [Doc. No. 123], and the Amended Judgment now correctly shows that Coleman's 1993 conviction was for conspiracy. [Doc. No. 125].

Magistrate Judge Hayes conducted a detention hearing on December 2, 2008, and granted the Government's oral motion for detention pending a detention and probable cause hearing set for December 4, 2008.

On December 4, 2008, the detention and probable cause hearing was held. Magistrate Judge Hayes found that Coleman posed a danger to the community and, in particular, to the alleged victim of his stalking.

On December 17, 2008, the grand jury issued an Indictment against Coleman. In Count 1, Coleman is charged with being a convicted felon in possession of a firearm. Count 2 is a forfeiture count.

On December 18, 2008, Coleman appeared with counsel before Magistrate Judge Hayes and pled not guilty to the pending Indictment.

On December 25, 2008, Coleman filed this Motion to Dismiss. The Government filed an opposition memorandum on January 2, 2009.

## II.   LAW AND ANALYSIS

### A.   Is Coleman's Prior Felony Conviction a Predicate Offense?

Title 18, United States Code, Section 922(g)(1) makes it a crime for "any person . . . convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess . . . any firearm." Title 18, United States Code, Section 921(a)(20)(A) excludes from the definition of "a crime punishable by imprisonment for a term exceeding one year" those "Federal or state offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices."

In *Dreher v. U.S. on Behalf of U.S. Bureau of Alcohol, Tobacco and Firearms*, 115 F.3d 330

3

(5th Cir. 1997), the Fifth Circuit addressed the issue of whether a defendant's prior felony conviction was excluded from the definition in 18 U.S.C. § 921(a)(20)(A). Dreher had been convicted of conspiracy to commit mail fraud and mail fraud, pursuant to 18 U.S.C. §§ 371, 1341 and sought a declaratory judgment that his prior conviction was not a predicate offense for purposes of 18 U.S.C. § 922(g)(1). Dreher argued "that the focus of [§ 921(a)(20)(A)] is on the actions perpetrated by the defendant that comprise the punishable crime." *Id.* at 332. Dreher's criminal conviction stemmed from billing "for services not rendered-[which] permitted him to submit lower bids to International Paper and PAPCO than otherwise possible and thereby to destroy the competitive bidding process and injure . . . [his] competitors." *Id.* at 331. Thus, he argued that his offenses fell within the business offenses exception in § 921(a)(20)(A).

The Fifth Circuit disagreed. First, the *Dreher* Court cited the applicable rules of statutory construction:

> The starting point for statutory interpretation is the language of the statute. *See Kellogg v. United States (In re West Texas Marketing Corp.)*, 54 F.3d 1194, 1200 (5th Cir.), *cert. denied*, 516 U.S. 991 . . . (1995). Absent congressional direction to the contrary, words in statutes are to be construed according to their "ordinary, contemporary, common meaning[s]." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 388 . . . (1993). Where the statute's language is plain, "'the sole function of the courts is to enforce it according to its terms.'" *United States v. Ron Pair Enters.*, 489 U.S. 235, 241 . . . (1989) (citation omitted). "If the language of a provision . . . is sufficiently clear in its context and not at odds with the legislative history, it is unnecessary to examine the additional considerations of policy . . . that may have influenced the lawmakers in their formulation of the statute." *Randall v. Loftsgaarden*, 478 U.S. 647, 656 (1986) (citations and internal quotations omitted).

*Id.* at 332.

Applying these principles of statutory construction, the *Dreher* Court agreed with the Government that "the plain meaning of the term 'offenses' in the context of the statute is the charged

violation of law, not the facts underlying the violation of law." *Id.; see also United States v. Stanko*, 491 F.3d 408, 415 (8th Cir. 2007) (agreeing with the *Dreher* Court "that the term 'offenses' in the context of § 921(a)(20)(A) refers to the charged violation of law.").[2] The *Dreher* Court then examined the Government's burden on Dreher's "offenses (or violations of law)." 115 F.3d at 332. "Because violations of §§ 371 & 1341 in no way depend on whether they have an effect upon competition, they are not 'offenses' that are excluded from the § 921(a)(20) definition of 'crimes punishable by imprisonment for a term exceeding one year.'" *Id.* at 332-333 (Under § 371, "the government must show: (1) an agreement between two or more persons to commit an unlawful act and (2) an overt act by one of the conspirators in furtherance of the agreement"; under § 1341, "the government must prove (1) a scheme to defraud; (2) intent to defraud; and (3) use of the mails in furtherance of the scheme.") (citations omitted)).

In this case, the "offense" to which Coleman pled guilty was conspiracy, in violation of 18 U.S.C. § 371, as in *Dreher*. This Court is bound by the precedent of *Dreher* to find that Coleman's conviction under § 371 is a proper predicate offense.[3] Coleman's Motion to Dismiss is DENIED on

---

[2] Unlike the Fifth Circuit, the Eighth Circuit in *Stanko* looked to the congressional history of the Federal Meat Inspection Act, the act under which the defendant was convicted, to determine its primary purpose. However, the *Stanko* Court found "more significant" than the purpose of the FMIA was that "none of [its] provisions . . . require the Government to prove an effect on competition or consumers as an element of the offense. More specifically, none of the provisions under which Stanko was convicted required the Government to prove such effects." 491 F.3d at 417. *Stanko* is thus consistent with *Dreher*.

[3] Even if this Court could look to the underlying purpose of the conspiracy, the Court agrees with the Government that, in essence, the unlawful purpose was not an unfair business practice or unfair competition, but theft of copyright-protected satellite programming. *See* 47 U.S.C. § 605(e)(4) (The Government may prove a violation of the Communications Act by showing (1) the sale or distribution of electronic equipment, (2) that the equipment primarily assisted in the unauthorized decryption of satellite cable programming, and (3) that the defendant/conspirator knew or had reason to know that the equipment is primarily used for that

5

this basis.

## B. Is § 921(a)(20) Unconstitutionally Vague?

Relying on the dissent in *Stanko, supra,* Coleman also argues that § 921(a)(20) is unconstitutionally vague. The Government disagrees, arguing that the statute passes constitutional muster.

"[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson* 461 U.S. 352, 357 (1983) (citations omitted); *see also United States v. Escalante*, 239 F.3d 678, 680 (5th Cir. 2001) (citation and internal quotation marks omitted) ("Vagueness may invalidate a criminal law for either of two independent reasons. First, it may fail to provide the kind of notice that will enable ordinary people to understand what conduct it prohibits; second, it may authorize and even encourage arbitrary and discriminatory enforcement.").

In *Stanko*, the majority concluded that the defendant was properly charged with a violation of § 922(g)(1) based on the predicate felony conviction of a violation of the Federal Meat Inspection Act. 491 F.3d at 419. However, Circuit Judge Bright dissented. While he admitted that Congress had properly enumerated three offenses to which the exclusion applies–antitrust violations, unfair trade practices, and restraints of trade–he concluded that the final phrase, "or other similar offenses relating to the regulation of business practices," lacks the same specificity and is "impermissibly

---

reason); 17 U.S.C. § 506(a) (To prove a violation of the criminal copyright infringement statute, the Government must show (1) a valid copyright, (2) that the defendant/conspirator willfully infringed on the copyright, and (3) that the infringement was for commercial advantage or private financial gain).

6

vague." 491 F.3d at 420 (Bright, J. dissenting).

This Court disagrees. According to its terms, § 921(a)(20)(A) excludes those "Federal or state offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices." In the final phrase, the term "offenses" is limited by the word "similar," so that it refers back to the three enumerated offenses and is further limited by the additional language, "relating to the regulation of business practices." An ordinary person would have notice that the business practices exception applies only if he commits one of the enumerated offenses or commits an offense that is similar to one of the enumerated offenses and that relates to the regulation of business practices.

Coleman's Motion to Dismiss on this basis is also DENIED.

## III. CONCLUSION

For the foregoing reasons, Coleman's Motion to Dismiss is DENIED.

MONROE, LOUISIANA, this  6  day of  February , 2009.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE