RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE 6/15/09
BY DD

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 08-00376 |
| VERSUS | JUDGE ROBERT G. JAMES |
| JAMES RAY COLEMAN | MAG. JUDGE KAREN L. HAYES |

## RULING ON OBJECTIONS TO PRE-SENTENCE REPORT

**Objection #1:** Defendant objects to paragraphs 14 and 15 of the Pre-Sentence Report, contending that he should not receive a 4-point enhancement for possession of the firearm "in connection with another felony offense" because his conduct did not rise to the level of felonious stalking under Louisiana law.

Section 2K2.1(b)(6) reads, in relevant part,

> If the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by 4 levels.

U.S.S.G. § 2K2.1(b)(6). "Subsection[ ] (b) (6) ... appl[ies] if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense[.]" U.S.S.G. § 2K2.1 cmt. n.14(A). "That commentary reinforces [the Fifth Circuit's] prior practice" and requires the Government "to establish-by a preponderance of the evidence-another felony offense, that the firearm "facilitated, or had the potential of facilitating" it, and that [Defendant] used or possessed the firearm in

1

connection with that offense." *United States v. Anderson*, 559 F.3d 348, 357 (5th Cir. 2009).

In this case, Defendant is alleged to have possessed the firearm in question in connection with a felonious stalking of Ms. Frankie Manley and her granddaughter. Thus, the Court must determine whether the Government has proven by a preponderance of the evidence that Defendant committed the felony of stalking, that the firearm facilitated or had the potential of facilitating the stalking, and that Defendant possessed the firearm in connection with the stalking.

Louisiana Revised Statute 14:40.2(A) provides:

> Stalking is the intentional and repeated following or harassing of another person that would cause a reasonable person to feel alarmed or to suffer emotional distress. Stalking shall include but not be limited to the intentional and repeated uninvited presence of the perpetrator at another person's home, workplace, school, or any place which would cause a reasonable person to be alarmed, or to suffer emotional distress as a result of verbal or behaviorally implied threats of death, bodily injury, sexual assault, kidnapping, or any other statutory criminal act to himself or any member of his family or any person with whom he is acquainted.

La. Rev. Stat. 14:40.2(A). Harassing is defined as "the repeated pattern of verbal communications or nonverbal behavior without invitation which includes but is not limited to making telephone calls, transmitting electronic mail, sending messages via a third party, or sending letters or pictures." La. Stat. Ann. 14:40.2(C)(1).

The Government presented testimony from Deputy Brandon Wiltcher, Chief of Criminal Operations for East Carroll Sheriff's Dept. Deputy Wiltcher testified that he was on duty on November 28, 2008, when he was advised that Frankie Manley made a 911 call. Ms. Manley had received a call from a mutual friend that Defendant was on his way to her residence to kill her and her granddaughter, Summer Manley, who was visiting Ms. Manley over the holidays. As Deputy Wiltcher and other officers responded to Ms. Manley's first 911 call, she made a second

911 call, advising that Defendant was at her residence making verbal threats to kill her. When he first arrived, Deputy Wiltcher arrived, Defendant was outside at his shop across the street from Ms. Manley's residence. As officers approached, Defendant told them he was locked out of his business, and they noticed that he was very intoxicated. Officers restrained him, and when they asked him where his gun was, Defendant lifted his shirt and revealed a 22 magnum in his waistband.

Deputy Wiltcher also interviewed Ms. Manley and her granddaughter, who is approximately 20 years old. Ms. Manley and Defendant had lived together for some time, but she told them that she had put him out of the house in the past couple of days. She had received numerous phone calls from Defendant over November 26, 27, and 28 begging to come back home. When she refused to allow him to do so, Defendant made the same type of threats of violence, threatening to kill Ms. Manley and himself. Summer Manley confirmed this information.

Based on the testimony of Deputy Wiltcher, which the Court finds credible, the Government has shown by a preponderance of the evidence that Defendant possessed a firearm in connection with the felony offense of stalking and that his possession of the firearm had the potential to facilitate his offense. Accordingly, Defendant's Objection # 1 is DENIED.

**Objection #2:** Defendant objects to Paragraph 38 of the Pre-Sentence Report, which states that he left a four-week alcohol treatment program at the VA Medical Center in Jackson, Mississippi, prior to completing the program. Defendant contends that he completed the program early and left with approval.

As Defendant's information is inconsistent with that obtained by the probation officer, and Defendant has provided the Court with no evidence to support his version of facts, Defendant's Objection #2 is DENIED.

**Objection #3:** Defendant supplements Paragraph 39 of the Pre-Sentence Report with the factual information that he is currently attending "Reformer's Anonymous" every Monday while he is detained at Richland Parish Detention Center. He has also been reading the Alcoholics Anonymous Blue Book.

The Court notes Defendant's information and appreciates Defendant's efforts to address his alcoholism, but finds no amendment to the Pre-Sentence Report is necessary. Thus, Objection #3 is DENIED.

**Objection #4:** Defendant objects to Paragraph 41 of the Pre-Sentence Report on that basis that, although his business earned approximately $50,000.00 per year, he netted only about $12,000.00 per year.

The Court has taken note of this supplementation, but finds no revision to the Pre-Sentence Report is warranted. Defendant's Objection #4 is DENIED.

**Objection #5:** Defendant objects to Paragraph 42 of the Pre-Sentence Report and provides additional factual information about his relationship with the alleged victim in this matter, Ms. Manley, and her possible motive for his imprisonment.
He does not dispute the accuracy of the information, but points out that Ms. Manley has not been giving him his share of rental income.

The Court has again taken note of Defendant's supplementation, but finds no revision to the Pre-Sentence Report is warranted. Defendant's Objection #5 is DENIED.

**Objection #6:** Defendant objects to Paragraph 43 of the Pre-Sentence Report and states that he does not intend to bother Ms. Manley or her daughter once he is released from custody, but intends to focus on the care of his father and on his business.

The Court commends Defendant on his intent to focus on appropriate concerns, but finds no revision to the Pre-Sentence Report is warranted. Defendant's Objection #6 is DENIED.

**Objections #7 and #8:** Defendant objects to Paragraphs 48 and 56 of the Pre-Sentence Report on the basis that his total offense level should be 11, not 15, and his term of imprisonment and fine range should be reduced.

Based on the Court's denial of Defendant's Objection #1, these objections are also DENIED.

MONROE, LOUISIANA, this 16th day of June, 2009.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE